MOSER LEGAL, PC
JANA M. MOSER
MADISON E. GUNNING
520 Broadway, Suite 200
Santa Monica, CA 90401
Telephone: (310) 295-1724
Email: jana@moserlegal.com
Email: madison@moserlegal.com

Attorneys for Plaintiff
ANDREW MORK

BUCHALTER
A Professional Corporation
KALLEY R. AMAN (SBN: 217337)
MICHELLE M. BROOKFIELD (SBN: 306549)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: kaman@buchalter.com

Attorneys for Defendant,
LGC EMPLOYEECO, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW MORK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LGC EMPLOYEECO, LLC, a Delaware limited liability company d/b/a LAMONS MANUFACTURING & SERVICE CO.; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 4:25-cv-00651-HSG<br><br>**JOINT STIPULATION TO REOPEN ARBITRATION AND ORDER** (as modified)<br><br>Judge:   Hon. Haywood S. Gilliam, Jr.<br>Courtroom 2 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

This Stipulation is hereby entered into by and between Plaintiff ANDREW MORK ("Plaintiff") and Defendant LGC EMPLOYEECO, LLC d/b/a LAMONS MANUFACTURING & SERVICE CO. ("Defendant"), by and through their respective counsel of record:

WHEREAS, on December 17, 2024, Plaintiff filed a civil complaint against Defendant in the Superior Court of California, County of Contra Costa, entitled *Mork v. LGC EmployeeCo, LLC d/b/a Lamons Manufacturing & Service Co.*; Case No. C24-03416 ("State Court Complaint"), asserting six employment-related causes of action for: (1) Discrimination in Violation of the FEHA – Gov't Code § 12940 et seq.; (2) Retaliation in Violation of the FEHA – Gov't Code § 12940 et seq.; (3) Failure to Prevent Discrimination and/or Retaliation in Violation of the FEHA – Gov't Code § 12940 et seq.; (4) Failure to Accommodate in Violation of the FEHA – Gov't Code § 12940 et seq.; (5) Failure to Engage in the Interactive Process in Violation of the FEHA – Gov't Code § 12940 et seq.; and (6) Wrongful Termination in Violation of Public Policy;

WHEREAS, on January 17, 2025, Defendant removed the State Court Complaint to the U.S. District Court, California Northern District, based on diversity jurisdiction, Case No.: 4:25-cv-00651-HSG;

WHEREAS, during the course of Plaintiff's employment, Plaintiff and Defendant agreed to submit claims arising out of the course and scope of Plaintiff's employment to binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes issued by the American Arbitration Association ("AAA Rules"). Plaintiff signed the Arbitration Agreement on April 4, 2024.

WHEREAS, after Defendant removed the State Court Complaint to the U.S. District Court, California Northern District, the Parties met and conferred, and agreed that Plaintiff would submit all of his claims asserted against Defendant to arbitration

1 and an arbitrator will be selected pursuant to the AAA Rules;

2     WHEREAS, on April 1, 2025, this Court issued an order adopting the Magistrate Judge's report and recommendation to grant the Parties' Stipulation to Arbitrate and stay the action pending the completion of arbitration;

    WHEREAS, on April 9, 2025, Plaintiff initiated arbitration with the American Arbitration Association ("AAA") (the "Arbitration");

    WHEREAS, on May 22, 2025, a AAA case manager confirmed that the Arbitration was closed;

    WHEREAS, on June 12, 2025, Plaintiff filed a Motion to Vacate Order Compelling Arbitration ("Motion to Vacate Arbitration").  The hearing for the Motion to Vacate Arbitration is scheduled for August 14, 2025;

    WHEREAS, on August 11, 2025, the California Supreme Court issued its decision in the case entitled *Dana Hohenshelt v. The Superior Court of Los Angeles County,* S284498 ("*Hohenshelt*");

    WHEREAS, the Parties met and conferred and agree that, in light of the California Supreme Court's decision in *Hohenshelt*, the Parties agree that the Arbitration be reopened and further agree that all proceedings in this case should be stayed until final and binding arbitration has been completed; and

    WHEREAS, this Court has the authority to order a stay of all proceedings under the California Arbitration Act, and the Federal Arbitration Act, 9 U.S.C. § 3.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

    1.    Subject to the stipulations and agreements set forth herein above, Plaintiff will agree to reopen Arbitration submit all of his claims to binding arbitration and an arbitrator will be selected pursuant to the AAA Rules;

    2.    The operative pleadings already filed in this matter, including Plaintiff's' Complaint and Defendant's Answer, will serve as the operative pleadings in the arbitration;

3. All of the Parties reserve their right to file or amend the operative pleadings;

4. This matter will be stayed pending the completion of final and binding arbitration of all of Plaintiff's claims but the Court shall maintain jurisdiction over the case to: (a) enforce the terms of this stipulation; (b) confirm, enforce, or modify the arbitration award in this action; and (c) make any other orders it deems necessary and proper;

5. The hearing on the Motion to Vacate Arbitration will be vacated.

Counsel of record for Plaintiff and Defendant represent that they have full authority to enter into this Stipulation on behalf of their clients.

**IT IS SO STIPULATED.**

DATED: August 14, 2025             MOSER LEGAL, PC

                                   By: */s/ Madison E. Gunning*
                                           JANA M. MOSER
                                           MADISON E. GUNNING

                                       Attorneys for Plaintiff
                                       ANDREW MORK

DATED: August 14, 2025             BUCHALTER
                                   A Professional Corporation

                                   By: */s/ Michelle M. Brookfield*
                                           KALLEY R. AMAN
                                           MICHELLE M. BROOKFIELD

                                       Attorneys for Defendant,
                                       LGC EMPLOYEECO, LLC d/b/a
                                       LAMONS MANUFACTURING &
                                       SERVICE CO.

## ORDER [AS MODIFIED]

Based on the Parties' stipulation, which is fully incorporated herein by reference and good cause appearing, the parties are directed to proceed in arbitration consistent with this stipulation and the one they entered on February 14, 2025 (Dkt. No. 6).[1]  All proceedings in this action remain stayed pending the completion of arbitration and all pending dates, deadlines, and hearings before this Court are vacated.

Moreover, as already ordered on April 1, 2025, Dkt. No. 11, the parties are DIRECTED to file a joint status report regarding the status of the arbitration proceedings 120 days from the date of this order and every 120 days thereafter unless otherwise ordered.  The parties also must notify the Court within 48 hours of the completion of the arbitration proceedings.

This Order TERMINATES Dkt. No. 12, the motion to vacate the order compelling arbitration.

**IT IS SO ORDERED.**

DATED: 8/14/2025

Hon. Haywood S. Gilliam, Jr.

---

[1] The parties' proposed order asked the Court to order that "[a]rbitration is reopened." But the Court is not involved in the logistical details of the arbitration proceeding, so it is the parties' responsibility to effect the required reopening consistent with the arbitrator's rules.